ST. PAUL FIRE & MARINE INSURANCE COMPANY v. W. E. STOGNER.
ET AL.

Decided October 27, 1906.

**1.—Fire Insurance—Incumbrance—Knowledge of Agent.**

Where a partnership of local fire insurance agents is composed of two persons, only one of whom has notice or knowledge of an incumbrance upon property insured by the partnership, no mention of said incumbrance being made in the application for insurance, such knowledge will be imputed to the principal, the insurance company; and this, although the policy was actually written by the partner who had no knowledge of the incumbrance.

**2.—Same—Authority of Agent—Circumstantial Proof.**

Where local insurance agents were at first without authority to issue policies of insurance upon gin property, such policies being issued by the general agents alone, but shortly before the issuance of the gin policy in question an application for a similar policy was returned by the general agents to the local agents, with instructions to issue the policy themselves, and other policies, including the one in question, were soon thereafter issued by the local agents with the knowledge and consent of the general agents, the jury were warranted in finding that the local agents had authority to issue the policy in question.

**3.—Amount of Premium—Deduction from Policy—Cost.**

It appearing that the premium due upon the policy in question had never been paid, the amount of the same should have been deducted from the amount of the policy in rendering judgment for the plaintiffs in the trial court, and said judgment will be so reformed on appeal; but because appellants made no effort to have this done in the court below the cost of appeal should not be taxed against the appellee.

Appeal from the District Court of Comanche County. Tried below before Hon. N. R. Lindsley.

*Carden & Carden* and *E. G. Senter,* for appellant.

*G. H. Goodson,* for appellees.

STEPHENS, ASSOCIATE JUSTICE.—The policy of insurance declared on was issued to W. E. Stogner August 23, 1905, and was to go into effect August 29, 1905, and run till August 29, 1906. It was issued by J. R. Eanes & Co., a firm of insurance agents composed of J. R. Eanes and H. N. Goodson, local agents for appellant at Comanche, Texas, and covered certain gin property belonging to Stogner in that county, which was destroyed by fire August 31, 1905. Appellant resisted recovery on various grounds, but mainly because the application made by Stogner failed to disclose the existence of a second mortgage on the property, which was a material misrepresentation and a breach of warranty. The only mortgage mentioned in the application was one in favor of the Kellett-Chatham Machinery Co., securing a debt of about fourteen hundred dollars, whereas the Comanche Cotton Oil Co. held a second mortgage to secure its debt of about fifteen hundred dollars.

The authority to issue policies of insurance on gin property was not conferred originally on Eanes & Co., although the terms of their commission seem broad enough to have included it, but the general agents, Cravens & Kelly of Houston, Texas, who alone possessed it, seem to have impliedly consented for the local agent to issue this and similar policies about that time.

Neither the general agents nor J. R. Eanes, who accepted the application and issued the policy, had any knowledge of the second mortgage, but H. N. Goodson, the partner of Eanes in the insurance business, was aware of it, and on that ground appellant was held to be estopped for availing itself of this defense. Besides being a partner of Eanes in the insurance business, Goodson was in partnership with his father in the law practice, devoting most of his time to that pursuit, and in the latter capacity had drawn the second mortgage as attorney for the Comanche Cotton Oil Co. Proof of this fact was made before the jury, over the objections of appellant, but when, at a subsequent stage of the trial, appellees asked the court to exclude the evidence, which the court offered to do, appellant objected to this also, on the ground that the court could not thus undo the wrong already done in admitting it. However, in the charge the court required the jury to disregard this evidence entirely and to look alone to the evidence of such knowledge of the second mortgage as Goodson may have acquired "while actually transacting business of defendant company in connection with this policy;" appellees having introduced testimony tending to prove that a few weeks before the policy was issued, notice of the second mortgage was brought to the attention of Goodson while he was engaged in soliciting the manager of the Comanche Cotton Oil Co. to assist him in inducing Stogner to take out insurance on his gin property, Stogner having previously promised Goodson to give Eanes & Co. the business if he concluded to insure it, in which case Goodson had directed him to go to Eanes for the policy. The testimony of the manager of the cotton oil company was as follows: "H. N. Goodson came to me and said he had been talking to Stogner about insuring his gin; that the old policy was about to expire, and that it would be a good idea for me to

shove him up a little; that he might be a little negligent about it. I told him I understood that Mr. Stogner was on a trade to sell his gin and that if he didn't sell it, I wanted him to see to it that he didn't let his policy run out. I told him that I would like to see the trade with Head go through; that I was going to make it if I could, and that I didn't want the policy to run out, because we had a deed of trust on the property. I said that I thought if he would sell to Mr. Head that would put our debt in better shape, as Mr. Head would be better prepared to run the gin and had had more experience in the business."

One portion of the property insured seems to have been subject to the three-quarter clause of the policy, but the amount of the verdict on this item did not exceed three-quarters of the value, as shown by the testimony.

The premium, which amounted to one hundred and thirty-five dollars, was not paid by Stogner when he received the policy, the local agents not requiring its payment, but indulging him, according to their custom, until about the 1st of November following. Immediately after the fire they remitted to the general agents the amount of the premium, who declined to receive it. The cotton oil company also tendered the amount of the premium. In the answer of appellant the failure to pay the premium was pleaded in defense of the action, together with a tender back of the same, but no effort was made by it in the court below to have the amount of the premium deducted from the amount of the loss.

On the issue of estoppel arising out of notice to Goodson of the second mortgage, the case may seem a hard one for the insurance company, but we are unable to distinguish it in principle from that of Queen Insurance Co. of America v. May et al., 43 S. W. Rep., 73, in which it was held that the insurance company was estopped on account of the uncommunicated knowledge of a partner of the agent who wrote the policy. The principle involved in that case and others in line with it is thus stated in Mechem on Agency, section 725, page 556: "But where two agents are employed to accomplish the same object, notice to, or knowledge by, one of them only, is notice to the principal, although the one to whom notice is given is not the one who finally accomplished the object, and although the agent who had the notice or knowledge did not impart it to his principal." In seeking the aid of others to obtain a policy of insurance for appellant, Goodson was acting within the scope of his powers and in furtherance of his principal's business, and what was brought to his attention while thus engaged must be imputed to his principal. This defense was correctly and fairly submitted to the jury in the charge of the court and the evidence warranted a finding in favor of appellees on it.

Another important defense was the alleged want of authority in the local agents to issue the policy. But, as already stated, while the power to issue policies of insurance on gin property, as a general rule, was not to be exercised by local agents (and Eanes & Co. so understood it), it being the duty of local agents to forward applications for such risks to the general agents, yet the circumstances surrounding the issuance of the policy in question tended to prove the abrogation of this rule just prior to its issuance so far as Eanes & Co. were concerned, and the jury

were warranted in so finding. In obedience to the general rule Eanes & Co. had forwarded an application for a gin risk to Cravens & Kelley a short time before the policy in question was applied for, which was returned to them with instructions to issue the policy themselves, and other policies were soon thereafter, including the one in question, issued by them without first sending the applications to the general agent for approval, and this course of business was sanctioned by Cravens & Kelley, who received daily reports from Eanes & Co. The evidence bearing on this issue was properly admitted, over the objections of appellant, especially with reference to policies issued prior to the one in question, and as to those issued immediately thereafter, inasmuch as they were promptly reported by Eanes & Co. and no objection was made prior to the fire, we think the evidence tended to show approval by the general agents of the action of the local agents in issuing the policy declared on, and the assignments complaining of the admission of this testimony are therefore overruled.

We also approve the charge submitting this and other issues and find no merit in any of the assignments complaining of the court's refusal to give special charges.

Indeed, we find no merit in any of the assignments of error, but inasmuch as appellant alleged and proved that the premium had never been paid, we think the amount thereof should be deducted from the judgment, but inasmuch as appellant did not seek to have this done in the court below, we will affirm the judgment as thus reformed without taxing the costs against the appellees.

*Reformed and affirmed.*

Writ of error refused.